THE STATE OF OHIO, APPELLEE, *v.* STEPHENS, APPELLANT.

[Cite as State v. Stephens (1978), 57 Ohio App. 2d 229.]

(No. C-77640—Decided July 26, 1978.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Charles F. Dorfman,* for appellee.
*Mr. Richard C. Gasen,* for appellant.

*Per Curiam.* This is an appeal from appellant's conviction for a violation of R. C. 2921.31(A) which provides:
"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act *which hampers or impedes a public official in the performance of his lawful duties.*" (Emphasis added.)

Appellant assigns as error that her conviction is against the manifest weight of the evidence. In support thereof she argues that the record is devoid of any evidence that any act of hers in fact impeded or hampered the police in the performance of their duties. We agree.

The relevant facts are that several police officers saw a vehicle belonging to one John Hannah, for whom they had several outstanding traffic warrants, parked in front of appellant's house and walked up the steps to the front porch of the house. In the words of the arresting officer the following then transpired:
"At that time we asked if we could speak to John Han-

nah, we had a warrant for him and Miss Stephens (appellant) said she didn't know him, she had never seen him before. However, at the time when I stopped Mr. Hannah for the delinquent tags, Miss Stephens was in the auto.

"At that time Patrolman Johnson advised me over the radio that he saw John Hannah in the basement—He stated that he saw John Hannah hiding in the basement and at that time we went in and arrested him."

This sequence of events was confirmed by a second officer.

We concur with the committee comment on the statute that to sustain a conviction the act must *in fact* "hamper" or "impede" the official in the performance of his lawful duties. Webster's New International Dictionary (1959) states that the word "hamper" comes from Middle English— hampren: to come to a standstill. The definition given is to put a hamper or fetter on; to shackle; entangle; hence, to impede; embarrass; encumber. "Impede" comes from the Latin—impedire: to entangle the feet. Its definition is to stop in progress; to obstruct; hinder. Both of these definitions make clear that there must be some substantial stoppage of the officer's progress before one can say he was hampered or impeded. There was none here. Whatever appellant said* in no way interrupted the officers' progress toward their objective. The assignment of error is well taken. The judgment is reversed and the appellant is discharged.

*Judgment reversed.*

BETTMAN, P. J., CASTLE and BLACK, JJ., concur.

---

*There may be serious question whether appellant's oral statement, assuming it to be false, constitutes a violation of law in view of the decision of the Ohio Supreme Court in *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25. In a *per curiam* opinion interpreting R. C. 2921.-13(A)(3)—Falsification—the court stated:

"We do not believe that either the municipal or state law-making bodies * * * ever intended to make the utterance of unsworn oral misstatements, in response to inquiries initiated by law enforcement officials, punishable conduct." (Page 29.)