JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Sean Edgerson, appeals his conviction for felonious assault. After a thorough review of the arguments and for reasons set forth below, we affirm.
 {¶ 2} On July 7, 2005, appellant was indicted on two counts of felonious assault, in violation of R.C. 2903.11, second degree felonies. The first count charged him with causing serious physical harm to the victim, Regina Lewis ("victim"), in violation of R.C. 2903.11(A)(1). The second count charged him with causing physical harm to the victim by means of a deadly weapon or dangerous ordnance, in violation of R.C. 2903.11(A)(2).
 {¶ 3} This indictment arose from an incident that occurred around 5:00 or 6:00 on the evening of May 21, 2005. The victim had been at her neighbor's house on Baldwin Road in East Cleveland and was leaving to go to her car. At the same time, appellant was on a nearby porch with his ex-girlfriend, Monique White ("White"). As the victim was walking across her neighbor's yard toward her car, appellant called out "Gina" to get her attention. She stopped and turned toward the appellant. Appellant then yelled out, "Gina, I got you," and shot her in the face with a BB gun. The pellet went through her upper lip, struck one of her front teeth, and went into the roof of her mouth. Police officers were called to the scene, and appellant was subsequently arrested. As a result of the incident, the victim has a scar where the pellet went through her lip and one of her front teeth had to be removed.
 {¶ 4} On October 5, 2005, appellant waived his right to a jury and proceeded to a bench trial. At the close of its case, the state dismissed the second count of the indictment pertaining to R.C. 2903.11(A)(2). The trial court found appellant guilty of felonious assault, as charged in the first count of the indictment, and on November 10, 2005, he was sentenced to three years in prison. Appellant brings this appeal, asserting two assignments of error for our review.
 {¶ 5} "I. The evidence was insufficient to support a finding of guilt."
 {¶ 6} Appellant argues that his Crim.R. 29 motion for acquittal was improperly denied because the evidence presented at trial was insufficient to support his conviction. He specifically contends that the evidence was insufficient to prove that he possessed the necessary mental culpability of "knowingly" to be convicted of felonious assault.
 {¶ 7} The test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356. In State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 9} In State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 10} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed. 2d 560." Id. at 386-387.
 {¶ 11} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 12} Appellant's argument is that the BB gun accidently fired, so there is insufficient evidence that he acted knowingly. We disagree. The elements necessary to sustain a conviction for felonious assault are stated in R.C. 2903.11(A)(1):
 {¶ 13} "(A) No person shall knowingly do either of the following:
 {¶ 14} "(1) Cause serious physical harm to another or another's unborn;"
 {¶ 15} The victim was shot in the face with a BB pellet. When the police arrived on the scene, they observed that the victim was very upset and crying, and she was bleeding from her upper lip. She now has a scar and lost a tooth, which she has not been able to replace for financial reasons. It is undisputed that appellant was the person who fired the BB gun, and that the pellet struck the victim in her face. It is clear from the record that appellant's actions caused serious physical harm to the victim.
 {¶ 16} The BB gun in question was examined by William Mark ("Mark"), a firearms examiner with the Bureau of Criminal Investigation ("BCI"). At trial, Mark testified that the BB gun could not have been fired accidently. He formulated this opinion after testing the trigger of the BB gun and determining that the weight required to discharge a pellet was five and one-quarter pounds, a standard trigger pull weight.
 {¶ 17} The testimony at trial evidenced that a deliberate external force had to have been applied to fire the BB gun. Furthermore, appellant's own witness, Ms. White, testified that appellant shouted, "Gina, I got you" before firing the gun. This, along with further testimony at trial, demonstrated competent, credible evidence going to all the essential elements of appellant's felonious assault conviction.
 {¶ 18} The trial court had an opportunity to evaluate all of the evidence presented and concluded that the appellant possessed the necessary mental culpability of "knowingly." The trial court specifically found that appellant "certainly knew that this was probably the certain result that would follow from pointing a gun and pulling the trigger." (Tr. 4.)
 {¶ 19} Accordingly, viewing the evidence in a light most favorable to the prosecution, we find that the appellant's conviction was supported by sufficient evidence, and his first assignment of error is overruled.
 {¶ 20} "II. The verdict was against the manifest weight of the evidence."
 {¶ 21} Appellant next argues that his conviction was against the manifest weight of the evidence, and he asserts that the trial court clearly lost its way in rendering its verdict.
 {¶ 22} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of the evidence. The Court held in Tibbs v. Florida, supra, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. TheMartin court stated:
 {¶ 23} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 24} Appellant's argument that his conviction was against the manifest weight of the evidence has no merit. The record is clear that there was ample evidence at trial to show that appellant acted knowingly. The state provided scientific evidence that the particular BB gun in question could not have been accidently fired. The evidence illustrated that an external force had to have been applied to the trigger for the gun to fire, such as appellant pulling the trigger. Further testimony, such as appellant's shouted words, "Gina, I got you," also prove that he knowingly shot the victim.
 {¶ 25} We do not find that the trial court either lost its way or rendered a verdict that was such a miscarriage of justice that it would require reversal and a new trial. Accordingly, appellant's conviction was not against the manifest weight of the evidence, and his second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Corrigan, J., concur.