The STATE of Ohio, Appellee,

v.

GRICE, Appellant.

[Cite as *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080420.

Decided Jan. 30, 2009.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Tanner B. McFall, Assistant Prosecuting Attorney, for appellee.

Soumayajit Dutta, for appellant.

CUNNINGHAM, Judge.

{¶ 1} Defendant-appellant, Leon Grice, appeals his conviction, after a bench trial, for obstructing official business in violation of R.C. 2921.31(A).

{¶ 2} In the evening of December 23, 2007, several police officers from the Colerain Township Police Department responded to a report of "shots fired." Their investigation led them to an apartment building on Jonrose Avenue, where a group of men had congregated on the front lawn. Some officers questioned the group, while others canvassed the area for evidence of a shooting. The officers found evidence that a gun had been fired in the vicinity but found no shooting victim or witnesses to a shooting.

{¶ 3} One of the officers, Richard Bernecker, attempted to obtain personal identification from those on the scene. Bernecker wanted the information to complete a field identification report that the police could use if a shooting victim surfaced in the future. Grice failed to give Bernecker his identification information, and as a result, Bernecker arrested him for obstructing official business. After arresting Grice, Bernecker took him to the Hamilton County Justice Center, where Bernecker fingerprinted and ultimately identified him. According to Bernecker, the identification process took over two hours to complete.

{¶ 4} After the trial court overruled his motion for acquittal, Grice testified in his own defense. He conceded that he had not identified himself and added that he had not heard any shots fired and that he had told the officers this.

{¶ 5} But Bernecker unequivocally testified that it was only Grice's failure to identify himself that had interrupted the investigation and had led to his arrest. Importantly, he testified that Grice was uncommunicative and made no statement. Therefore, we can only assume that Bernecker was unaware of any comment by Grice about the "shots fired" report. Bernecker's testimony was consistent with the testimony of the other investigating officers.

{¶ 6} The trial court convicted Grice after determining that Grice must have lied to the police about not hearing shots fired, and that this, along with his failure to identify himself, constituted an act proscribed by the obstructing official business statute.

{¶ 7} In his sole assignment of law, Grice now challenges the sufficiency of the evidence to support his conviction. Sufficiency is a test of adequacy.[1] The relevant inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[2]

{¶ 8} Grice was convicted under R.C. 2921.31(A), which provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay

---

1. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

2. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.

the performance by a public official of any authorized act within the public official's official capacity, shall do any *act* that hampers or impedes a public official in the performance of the public official's lawful duties." (Emphasis added.)

{¶ 9} Grice correctly argues, as indicated by the emphasized language, that a violation of this statute requires an affirmative act. "A person cannot be guilty of obstructing official business by doing nothing or failing to act."[3] The mere refusal to produce identification upon the request of a police officer cannot support a conviction for obstructing official business.[4] In addition, the defendant's act must actually hamper or impede the public official in the performance of the official's duties.[5]

{¶ 10} Grice argues that the record is devoid of an affirmative act that impeded or hindered an investigation. The officers testified that Grice's failure to identify himself had impeded the investigation. But as we have already stated, the failure to identify cannot support a conviction for obstructing official business, because it is not an affirmative act. Despite the state's theory, the trial court found, relying on Grice's testimony, that Grice's statement to the police about not hearing any gunshots was incredible and that this affirmative act established a violation of the statute.

{¶ 11} In our sufficiency review, we review the evidence in the light most favorable to the state. Thus, we accept the trial court's finding that Grice had lied to the police about hearing shots fired. We hold, however, that the evidence did not support a conviction on this basis, because the evidence did not establish a nexus between this act and the obstructing.

{¶ 12} This court has held that there is no element in R.C. 2921.31(A) requiring the state to prove that the offender's conduct "prevented" a public

---

3. *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 10, citing *State v. King*, 3rd Dist. No. 9–06–18, 2007-Ohio-335, 2007 WL 209990, ¶ 58; *Hamilton v. Hamm* (1986), 33 Ohio App.3d 175, 176, 514 N.E.2d 942.

4. *State v. Brickner–Latham*, 3rd Dist. No. 13–05–26, 2006-Ohio-609, 2006 WL 319183, at ¶ 26; *State v. Collins* (1993), 88 Ohio App.3d 291, 294, 623 N.E.2d 1269, overruled in part on other grounds in *State v. Tolliver* (Dec. 13, 1996), 2nd Dist. No. 15184, 1996 WL 715438; *State v. McCrone* (1989), 63 Ohio App.3d 831, 835, 580 N.E.2d 468. See *Middletown v. Hollon*, 156 Ohio App.3d 565, 2004-Ohio-1502, 807 N.E.2d 945, ¶ 26–34 (interpreting a municipal code section identical to R.C. 2921.31). See also *In re Payne*, 1st Dist. No. C–040705, 2005-Ohio-4849, 2005 WL 2248870, ¶ 11.

5. *Wellman* at ¶ 17, citing *State v. Stephens* (1978), 57 Ohio App.2d 229, 230, 11 O.O.3d 301, 387 N.E.2d 252. Cf. *State v. Westfall*, 9th Dist. No. 22898, 2006-Ohio-4729, 2006 WL 2614252 (actual hampering or impeding is an element of obstructing official business but is not an element of obstruction of justice in violation of R.C. 2921.32(A)(5)).

official from doing his job.[6] Rather, to "hamper" or "impede," the conduct at issue must create some "substantial stoppage" of the officer's progress.[7] This stoppage is not defined by a particular period of time, but it must occur because of the defendant's act.[8]

{¶ 13} A defendant's unsworn and false oral statement may often hamper or impede an investigation or other official duty.[9] But not always.[10]

{¶ 14} In this case, there was no evidence that the officers' progress was hampered or impeded by Grice's statement. The officers duly investigated the "shots fired" report, unaware of Grice's statement. They found a gun, spent casings, and a damaged window, and they determined not only that shots had been fired but also from where they had been fired. One could have reasonably concluded only that Grice's statement had not hampered or impeded this part of the investigation in any measurable way.

{¶ 15} Nor was there any evidence to support a finding that Grice's statement had affected the officers' progress in identifying Grice. This was consistent with the officers' explicit testimony that Grice's failure to provide identification alone had impeded their duties, namely completing the field investigation report.

{¶ 16} The only "obstructing" that occurred in this case involved the delay in identifying Grice. And the record is devoid of a nexus between this obstructing and the affirmative act—Grice's statement about not hearing shots fired. Thus, the evidence at trial was insufficient to support a conviction for obstructing official business. Therefore, we sustain the assignment of error, reverse the judgment of conviction, and discharge Grice from further prosecution in this case.

Judgment reversed
and appellant discharged.

HILDEBRANDT, P.J., concurs.

DINKELACKER, J., dissents.

---

6. *State v. Stayton* (1998), 126 Ohio App.3d 158, 163, 709 N.E.2d 1224. Accord *State v. Jeter*, 1st Dist. No. C–040572, 2005-Ohio-1872, 2005 WL 927013, ¶ 16.

7. *Wellman* at ¶ 17, citing *Stephens*.

8. Id. at ¶ 18, citing *State v. Dunn* (Mar. 26, 1980), 1st Dist. No. C–790319, 1980 WL 352885.

9. See *State v. Altomare* (Nov. 30, 2000), 7th Dist. No. 99–CO–15, 2000 WL 1781581 (defendant's false and intentionally misleading information to an officer of the court who was attempting service of a subpoena interfered with service). See, generally, *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 667 N.E.2d 384.

10. *Stephens* at 230, 11 O.O.3d 301, 387 N.E.2d 252.

Dinkelacker, J., dissenting.

{¶ 17} Because I believe that the record contains sufficient evidence that, when construed in favor of the state, supported Grice's conviction, I must respectfully dissent.

{¶ 18} The majority notes that the trial court determined, as a matter of fact, that Grice had lied to the police when he said that he had not heard gunshots. The Ohio Supreme Court has said that "[t]he General Assembly has adopted legislation intended to discourage individuals from purposely giving false information that hinders public officials in the performance of their duties.  Complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system.  Therefore, we hold that the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.13(A)(3) and 2921.31(A)." [11]  This court has also noted that "[s]peech alone may in some cases be sufficient to satisfy the act requirement" in the obstructing statute.[12]

{¶ 19} We must be mindful that the issue before us is the sufficiency of the evidence.  The bar for meeting this test is a low one.  The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.[13]  A judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence that goes to all the essential elements of the case.[14]

{¶ 20} Grice was convicted of a violation of R.C. 2921.31, which provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 21} The majority contends that the record does not support a finding that Grice's act of lying to the police had hampered or impeded the investigation.  I would hold that when a citizen lies to the police during an active crime-scene investigation—especially one where the police have information that shots have been fired—that individual necessarily forces the police to stop what they are

11.  (Citations omitted.)  *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 266, 667 N.E.2d 384.

12.  *In re Payne*, 1st Dist. No. C–040705, 2005-Ohio-4849, 2005 WL 2248870.

13.  *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

14.  *State v. Edgerson*, 8th Dist. No. 87356, 2006-Ohio-5329, 2006 WL 2915926, at ¶ 11, citing *Cohen v. Lamko* (1984), 10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407.

doing and process this information, for whatever brief period of time that may be. This is enough to show that the lie has hampered or impeded the investigation, and to allow a conviction to survive a claim that it is based upon insufficient evidence.

{¶ 22} While the majority correctly notes that the act must create a "substantial stoppage," the *Wellman* decision rejected the argument that a set time was required by the statute. In *Wellman*, this author noted that " '[w]e do not hold that any finite period of time constitutes a "substantial stoppage," be the delay occasioned by the interference thirty seconds or two minutes.' "[15] If the record demonstrates that the defendant's act hampered or impeded the officer in the performance of his duties, the evidence supports the conviction.[16]

{¶ 23} The trial court concluded that Grice had lied to the police. Lying to the police—who were investigating whether shots had been fired, who had fired them, and whether anyone had been injured—and telling them that no shots had been fired "hamper[ed] or imped[ed] a public official in the performance of the public official's lawful duties." This was not a failure-to-act situation. Grice did not remain silent. Grice, without any reason (other than to prevent, obstruct, or delay police officers) took it upon himself to lie to the police.

{¶ 24} The question of whether the conviction was against the manifest weight of the evidence is not before this court. A determination that lying to these officers in their ongoing investigation did not constitute obstructing official business would place us in the position of weighing the testimony of Grice against other evidence presented below. It is only in the context of a manifest-weight argument that we are permitted to undertake that analysis.

{¶ 25} For these reasons, I must respectfully dissent.

---

15. *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 18, quoting *State v. Dunn* (Mar. 26, 1980), 1st Dist. No. C–790319, 1980 WL 352885.

16. *Wellman*, supra, citing *State v. Stayton* (1998), 126 Ohio App.3d 158, 163–164, 709 N.E.2d 1224; *Dunn*, supra. Accord *State v. Altomare*, 2000 WL 1781581.