[Cite as *In re R.B.*, 2021-Ohio-3749.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: R.B.

:      APPEAL NO. C-210119
           TRIAL NO. 20-2635X

:

:      *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: October 22, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Appellant.

**WINKLER, Judge.**

{¶1} R.B. appeals his adjudication of delinquency for engaging in conduct that would constitute the offense of obstructing official business, a second-degree misdemeanor if committed by an adult. Because the state failed to demonstrate that R.B. actually hampered or impeded the performance of a public official's duty, an essential element of the offense, we reverse.

## Background Facts and Procedure

{¶2} In the early evening of July 27, 2020, Cincinnati Police Officer Jerome Herring and another officer responded to a location on Crest Hill Avenue upon a report that people were in a house that was supposed to be vacant. Many of the facts concerning the ensuing investigation were captured by Officer Herring's body-worn camera.

{¶3} These facts show Officer Herring arrived in his police cruiser, but had not activated his lights or sirens, and he parked a distance from the house. The two-story house appeared to be vandalized. Officer Herring first approached the detached garage and found no occupants. He then walked toward the back porch of the house where a back door was located. That back door appeared to be open about an inch but then it shut. Upon seeing the door close, Officer Herring immediately drew his weapon and yelled, "hands, let me see your * * * hands" while he kicked the door open into the back room of the house. Although the officer did not see anyone in that room, he heard someone running inside the house and sent his partner to the front of the house to secure that exit. Seconds later, Officer Herring entered while announcing that he was a police officer and ordered, "if you are in the house

2

announce yourself or you are going to get bit by the dog." One second later, R.B. replied to the officer and then appeared before him with his hands in the air.

{¶4} Officer Herring then took R.B. into custody without incident. R.B. told the officer he had recently entered the house to smoke weed and that no one else was inside the vandalized home. He also told the officer he thought the person he heard entering the house was another kid and it scared him.

{¶5} After calling for backup, but without waiting for that backup, Officer Herring searched the rest of the house and confirmed that no one else was in there.

{¶6} R.B. was subsequently charged with delinquency for obstructing official business. His trial was held before a magistrate. Officer Herring testified and the video captured by his body-worn camera was admitted into evidence. The magistrate issued a decision finding R.B. delinquent, to which R.B. filed objections. The juvenile court adopted the magistrate's decision as its judgment after overruling R.B.'s objections. R.B. has timely appealed the juvenile court's judgment and raises two assignments of error.

Analysis

{¶7} In his first assignment of error, R.B. contends the juvenile court did not fulfill its obligations under Juv.R. 40(D) when ruling on his objections to the magistrate's decision. R.B. objected to the magistrate's specific factual findings that supported a general finding that R.B. had committed the acts proscribed by R.C. 2921.31, and ultimately argued that his adjudication was not supported by sufficient evidence and was against the manifest weight of the evidence. R.B. now contends the juvenile court when ruling on his objection impermissibly deferred to the magistrate's factual findings instead of undertaking an independent review of the facts.

3

{¶8}    R.B.'s argument implicates Juv.R. 40(D), which in relevant part provides:

Action on Objections:   If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.   In ruling on objections, the juvenile court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

Juv.R. 40(D)(4)(d).

{¶9}    In its entry, the juvenile court noted R.B.'s objections to the magistrate's decision and expressed:

Based on an independent review of the record, the Court finds that there was sufficient evidence to support a finding, beyond a reasonable doubt, that each element of the offense was established in this matter. The magistrate was able to view the demeanor of the witnesses, judge the credibility of the testimony and the weight of the evidence presented.  The magistrate's decision is supported by the evidence and in accordance with the law.

The court then "denied" the objections and "accepted and adopted" the magistrate's "decision" before entering its judgment adjudicating R.B. delinquent.

{¶10}    R.B. contends that the juvenile court was required to reference specific facts to show it conducted an independent review of the evidence.   But Juv.R. 40(D)(4)(d) does not impose such a requirement.  Notably, this case did not involve a juvenile court rejecting a magistrate's findings in whole or part.

{¶11} The juvenile court's entry on its face demonstrates it found the magistrate's factual findings correct after its independent review and that it adopted those factual findings as its own. Thus, the juvenile court complied with the mandate of Juv.R. 40(D)(4)(d).

{¶12} Because the record demonstrates the juvenile court conducted an independent review of the objected-to factual findings of the magistrate, we overrule the first assignment of error.

{¶13} In his second assignment of error, R.B. maintains that his adjudication for obstructing official business was not supported by sufficient evidence and was against the weight of the evidence.

{¶14} To support a conviction for obstructing official business in violation of R.C. 2921.31(A), the state must prove the offender "(1) performed an act; (2) without privilege; (3) with purpose to prevent, obstruct, or delay the performance of a public official of any authorized act within the public official's official capacity; and (4) that hampered or impeded the performance of the public official's duties." *In re Payne*, 1st Dist. Hamilton No. C-040705, 2005-Ohio-4849, ¶ 11, cited in *State v. Buttram*, 1st Dist. Hamilton No. C-190034, 2020-Ohio-2709, ¶ 10.

{¶15} The standard of review when determining whether a juvenile court's adjudication of delinquency is supported by sufficient evidence is identical to the standard used in adult criminal cases. *See In re D.C.*, 2019-Ohio-4860, 149 N.E.3d 989, ¶ 6 (1st Dist.). The court on review asks whether " 'after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. McFarland*, 162 Ohio St.3d 36, 2020-Ohio-3343, 164 N.E.3d 316, ¶ 24, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus,

*superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, cited in *State v. Jones*, Slip Opinion No. 2021-Ohio-3311, ¶ 16.

{¶16} The sufficiency inquiry involves a question of law, and we do not weigh the evidence as allowed when applying a weight-of-the-evidence standard of review. *See, e.g., Jones* at ¶ 16; *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *In re Payne* at ¶ 10.

{¶17} In part, R.B. argues any acts that the state attributed to him, and characterized as calculated to hamper or impede, did not actually hamper or impede Officer Herring in his duty of securing the location. The state maintains that Officer Herring's performance of securing the vacant house was "hampered" by R.B.'s act of shutting the back door and running from the back room.

{¶18} The final element of obstructing official business is not satisfied by every act of a defendant from which one may infer the intent to hinder or impede the performance of an official duty. As the words "hamper" and "impede" are not defined in the statute, this court has used the dictionary definitions of the words to conclude that an act violates the law when it creates a "substantial stoppage" of the officer's progress. *See State v. Stephens*, 57 Ohio App.2d 229, 230, 387 N.E.2d 252 (1st Dist.1978), cited in *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 17 (1st Dist.).

{¶19} We have further explained that the "substantial stoppage" requirement "is not defined by any particular period time, but it must occur because of the defendant's act." *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203, ¶ 12 (1st Dist.), citing *Wellman* at ¶ 18, citing *State v. Dunn*, 1st Dist. Hamilton No. C-790319, 1980 WL 352885 (Mar. 26, 1980).

{¶20} In *Buttram*, we recently held the substantial stoppage requirement was met where progress was delayed by only one minute and 40 seconds. *See Buttram*, 1st Dist. Hamilton No. C-190034, 2020-Ohio-2709, at ¶ 22. But during that time period, the officer investigating a possible overdose was met by a defendant who refused multiple orders to drop a loaded syringe and also walked toward the officer, requiring the officer to spray the defendant twice with pepper spray to subdue him and treat him. *Id.* at ¶ 3-5 and 22-23.

{¶21} In support of his argument that he did not cause any substantial stoppage, R.B. cites a more factually similar case, *State v. Crawford*, 2d Dist. Montgomery No. 25506, 2013-Ohio-4398. In *Crawford*, police were in the process of executing a search warrant for a residence. *Id.* at ¶ 2-4. The main door of the house was open but the glass storm door was closed. Through the glass door, the officers saw that people were in the house. Crawford was one of those individuals, and when he saw the police approaching with weapons he "yelled 'Police,' slammed the front door to the residence, and ran further into the interior of the house." *Id.* at ¶ 4. None of the officers had announced that they possessed a search warrant, had ordered Crawford to leave the front door open, or had reached the porch of the residence. *Id.* at ¶ 19-20. Further, the officers, upon gaining immediate entry to the residence with the battering ram they had with them, were able to execute the search warrant and secure the occupants "just as they would have done had the defendant not shut the front door." *Id.* at ¶ 20. Crawford was subsequently convicted of obstructing official business, but his conviction was vacated on appeal. *Id.* at ¶ 23.

{¶22} When reversing the trial court, the appellate court explained the evidence was insufficient to support Crawford's conviction because "[a]ny purported delay caused by Crawford's actions was de minimus under the circumstances, and

7

the police were clearly not hampered or impeded in any way from executing the search warrant." *Id.* at ¶ 20.

{¶23} In this case, we are unable to conclude that R.B. caused any "substantial stoppage" of Officer Herring's progress in securing the house. Like in *Crawford*, any purported delay caused by R.B.'s actions was de minimus under the circumstances.

{¶24} Officer Herring explained that to secure the house, he had to enter the house and clear it of its occupants. The evidence, when viewed in the light most favorable to the state, demonstrated that Officer Herring had no difficulty or delay in entering the back door to the house, which was not locked and easily opened when kicked. Further, Officer Herring had no difficulty or delay in clearing the house of its occupants. R.B. announced his presence within seconds of Officer Herring's entrance and then submitted to the officer in the back room without any incident.

{¶25} Thus, R.B.'s acts in closing the back door and momentarily retreating from the back room, which did not cause any substantial stoppage of Officer Herring's progress in securing the house, were not enough to satisfy all elements of the statute proscribing obstructing official business.

## Conclusion

{¶26} Because we conclude the evidence was insufficient to demonstrate that R.B. hampered or impeded Officer Herring in the performance of his duties, an element of R.C. 2921.31(A), we sustain the second assignment of error and reverse R.B.'s delinquency adjudication.

Judgment reversed and appellant discharged.

**BERGERON, P.J.**, and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.