The State of Ohio, Appellant, *v.* Larson, Appellee.

[Cite as *State v. Larson,* 103 Ohio St.3d 165, 2004-Ohio-4757.]

(No. 2004–0556—Submitted July 20, 2004—Decided September 22, 2004.)

{¶ 1} The judgment of the court of appeals is affirmed on the authority of *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

Moyer, C.J., Resnick, Pfeifer, O'Connor and O'Donnell, JJ., concur.

Lundberg Stratton, J., concurs in part and dissents in part.

F.E. Sweeney, J., dissents.

Lundberg Stratton, J., concurring in part and dissenting in part.

{¶ 2} I concur with respect to the finding that pursuant to R.C. 2929.19(B)(5), the trial court is required to deliver the statutorily detailed notifications at the sentencing hearing. However, I continue to disagree with the majority's holding that R.C. 2929.15(B) and 2929.19(B)(5) require the trial court to notify the offender of the *specific* prison term that may be imposed for a violation of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a later violation. Therefore, I continue to dissent from the application of that holding consistent with my dissenting opinion in *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837.

Donald W. White, Clermont County Prosecuting Attorney, and David H. Hoffmann, Assistant Prosecuting Attorney, for appellant.

R. Daniel Hannon, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellee.