[Cite as *State v. Crocker*, 2013-Ohio-3100.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2012 CA 0021 |
| VICKIE CROCKER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Municipal Court,
                                  Case No. CRB 1200509


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           July 15, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT A. SKELTON                         JEFFREY G. KELLOGG
LAW DIRECTOR                              ASSISTANT PUBLIC DEFENDER
760 Chestnut Street                       239 North Fourth Street
Coshocton, Ohio  43812                    Coshocton, Ohio  43812

*Wise, J.*

{¶1}   Appellant appeals her conviction on one count of failing to maintain control of a "dangerous dog" entered in the Coshocton County Municipal Court.

{¶2}   Appellee is State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}   The facts stipulated to at trial are as follows:

{¶4}   Appellant Vicki Crocker was the harborer of a pit bull named Blaze.

{¶5}   On September 1, 2012, Vicki was out with the dog when it broke its leash.

{¶6}   Mary Skarke was out next door with her Schnauzer.

{¶7}   The Pit Bull attacked the Schnauzer and bit Mary Skarke and Jane Hopes when they tried to separate the dogs.

{¶8}   The Schnauzer died as a result of injuries sustained in the encounter.

{¶9}   The owner of the Pit Bull, David Kelly, was served with the dangerous dog designation notice and did not appeal that designation.

{¶10} On September 6, 2012, Appellant Vickie Crocker was charged with harboring a "dangerous dog" in violation of R.C. 955.22(C).

{¶11} On October 31, 2012, a bench trial commenced in this matter.  The trial court found Appellant guilty and ordered her to pay a $75.00 fine, $195 in court costs and restitution in the amount of $620.00.

{¶12} The facts determined at trial were:

{¶13} On September 1, 2012, the Dog Warden responded to 1310 Elm Street and 1311 Orange Street on a report of a loose dog. After investigation he determined that Vicki Crocker was out with a Pit Bull on a leash. The Pit Bull broke its leash,

crossed the alley between Elm and Orange Street and attacked Mary Skarke's Schnauzer. When Mary and Jane Hopes attempted to separate the dogs, they were bitten by the Pit Bull as well.

**{¶14}** There was no evidence that the Pit Bull had previously bitten, injured, threatened or killed anyone or anything until the incident on September 1, 2012.

**{¶15}** On September 5, 2012, the Schnauzer died. The dog warden served a ticket on Crocker alleging a violation of R.C. 955.22(C) with the additional specification that the pit bull was a dangerous dog pursuant to R.C. 955.11.4

**{¶16}** On September 5, 2013 the Dog Warden served a dangerous dog designation notice on the Pit Bull's owner David Kelly. Crocker was not served with a notice. David Kelly did not appeal the dangerous dog designation.

**{¶17}** It is from this conviction Appellant now appeals, assigning the following error:

<u>ASSIGNMENT OF ERROR</u>

**{¶18}** "I. THERE WAS INSUFFICIENT EVIDENCE SUPPORTING THE COURT'S FINDING THAT APPELLANT VICKIE CROCKER FAILED TO MAINTAIN CONTROL OF A "DANGEROUS DOG.""

I.

**{¶19}** Appellant claims there was insufficient evidence to support her conviction. We disagree.

**{¶20}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶21}** In this case, Appellant was charged with and convicted of a violation of R.C. §955.22(C) which states:

**{¶22}** "(C) Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

**{¶23}** "(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;

**{¶24}** "(2) Keep the dog under the reasonable control of some person."

**{¶25}** R.C. §955.11 defines a "dangerous dog" as:

**{¶26}** "(1) (a)  " ... a dog that, without provocation, and subject to division (A)(1)(b) of this section, has done any of the following:

**{¶27}** "(i) Caused injury, other than killing or serious injury, to any person;

**{¶28}** "(ii) Killed another dog ... "

**{¶29}** The penalties for violating R.C. §955.22 are set forth in R.C. §955.99, which states, in relevant part:

**{¶30}** "(G) Whoever commits a violation of division (C) of section 955.22 of the Revised Code that involves a dangerous dog or a violation of division (D) of that section is guilty of a misdemeanor of the fourth degree on a first offense and of a misdemeanor of the third degree on each subsequent offense. Additionally, the court may order the offender to personally supervise the dangerous dog that the offender owns, keeps, or

harbors, to cause that dog to complete dog obedience training, or to do both, and the court may order the offender to obtain liability insurance pursuant to division (E) of section 955.22 of the Revised Code. The court, in the alternative, may order the dangerous dog to be humanely destroyed by a licensed veterinarian, the county dog warden, or the county humane society at the owner's expense. With respect to a violation of division (C) of section 955.22 of the Revised Code that involves a dangerous dog, until the court makes a final determination and during the pendency of any appeal of a violation of that division and at the discretion of the dog warden, the dog shall be confined or restrained in accordance with division (D) of section 955.22 of the Revised Code or at the county dog pound at the owner's expense.

{¶31} In the case sub judice, Appellant admitted that she was the harborer/keeper of the dog in question but challenges the "dangerous dog" designation. It is Appellant's position that while the dog herein is now properly designated as a "dangerous dog" based on the events which occurred on September 1, 2012, such dog had not been designated as a "dangerous dog" at the time it broke its leash. Appellant submits that such designation only applies to a dog that has previously violated R.C. §955.11 as set forth above.

{¶32} Upon review, we find no support for Appellant's position that a dog has to have previously violated the "dangerous dog" statute to be designated as a "dangerous dog". Here, the dog in question both injured a person and killed another dog. As such, the dog was a "dangerous dog" within the meaning of the statute and the offense was a fourth degree misdemeanor.

**{¶33}** Based on the foregoing, we find there was sufficient evidence to substantiate a finding of guilty.

**{¶34}** Appellant's sole Assignment of Error is overruled.

**{¶35}** For the foregoing reasons, the judgment of the Municipal Court of Coshocton County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

_____

_____

_____

JUDGES

JWW/d 0702

IN THE COURT OF APPEALS FOR COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| VICKIE CROCKER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2012 CA 0021 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Coshocton County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES