[Cite as *State v. Jones*, 2018-Ohio-565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160908 |
| | | TRIAL NO. 16CRB-13505 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOSEPH JONES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  February 14, 2018

*Paula Boggs Muething*, City Solicitor, *Natalia Harris,* City Prosecutor, and *Christopher Liu*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**MILLER, Judge.**

{¶1}   Defendant-appellant Joseph Jones was found guilty of failing to confine a dangerous dog, a fourth-degree misdemeanor, in violation of R.C. 955.22(D).  In a single assignment of error, Jones now claims that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.  For the following reasons, we reverse Jones's conviction.

## Facts

{¶2}   Jones walked to his apartment building with his dog, an American Pit Bull named Prince Bane, on May 15, 2016, at about 3:30 a.m.  Jones unleashed his dog during the walk so that it could interact with a stray female dog.  At trial, Jones testified that the stray looked like an American Pit Bull and was almost the same color as Prince Bane, but was about half his size.

{¶3}   Alyssa Rushing, who lived in the same apartment building, also walked her dog, a Chinese Crested Hairless, that night.  Rushing and her dog were on the steps to the apartment building when Jones, Prince Bane, and the stray approached.  Rushing saw both dogs running at her and attempted to pick up her dog.  Prince Bane attacked her, biting her hands and pulling her down.

{¶4}   Jones countered that the stray had attacked Rushing's dog and bit Rushing as she struggled to protect her dog.  Jones grabbed the stray and threw it to the sidewalk below, ending the attack.  Jones contended that his dog was innocent and that Rushing was confused because Prince Bane and the stray were similar in color.

## Jones's Appeal is not Moot

{¶5}   Even though Jones has already served six months of probation following the trial court's denial of his motion to stay his sentence, the appeal of his

conviction is not moot. While Jones did not subsequently file a motion to stay his sentence with this court, the Ohio Supreme Court has said that such an appeal is not moot. "The completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 26. *See State v. Farris*, 1st Dist. Hamilton No. C-150567, 2016-Ohio-5527, ¶ 4. While we cannot restore the time served on probation, we can reverse his conviction.

### Sufficiency of the Evidence

{¶6}  Jones asserts that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. We will address only the sufficiency of the evidence. A conviction is supported by sufficient evidence when, after viewing all evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, 906 N.E.2d 1203 (1st Dist.).

{¶7}  In this case, Jones was charged with, and convicted of, a violation of R.C. 955.22(D), which states in relevant part that

> (D) * * * no owner, keeper, or harborer of a dangerous dog shall fail to do either of the following: (1) While that dog is on the premises of the owner, keeper, or harborer, securely confine it at all times in a locked pen that has a top, locked fenced yard, or other locked enclosure that has a top; (2) While that dog is off the premises of the owner, keeper,

or harborer, keep that dog on a chain-link leash or tether that is not more than six feet in length and additionally * * * [m]uzzle that dog.

{¶8} R.C. 955.11 defines a "dangerous dog" as "a dog that, without provocation * * * has done any of the following: (i) Caused injury, other than killing or serious injury, to any person; (ii) Killed another dog; (iii) Been the subject of a third or subsequent violation of division (C) of section 955.22 of the Revised Code."

{¶9} R.C. 955.222 sets forth how dangerous-dog designations are made, and affords a right to request a hearing. It requires notice by certified mail. Any hearing shall occur in "[t]he municipal court or county court that has territorial jurisdiction over the residence of the owner, keeper, or harborer of a dog." R.C. 955.222(A).

{¶10} In this case, Prince Bane was not previously designated a dangerous dog under R.C. 955.11. This designation is a prerequisite to finding a violation of R.C. 955.22(D), as the designation is an element of the offense. If the designation were not prerequisite, Jones would not have been put on notice as to the statutory requirements for confining his dog, or had the opportunity to challenge the designation and consequent restriction on his property rights. Any other interpretation of R.C. 955.22(D) would render R.C. 955.11 superfluous and deprive dog owners of their statutory and constitutional rights to due process. The Ohio Supreme Court already said as much in *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, 814 N.E.2d 864, when it struck down a former version of the "dangerous dog statute" for infringing upon the due process rights of dog owners for the same reason, leading to the enactment of R.C. 955.222.

{¶11} *Cowan* involved a dog owner who was charged with failing to confine a vicious dog and a dangerous dog—labels that were applied, as in this case,

4

concurrent with the prosecution for failure-to-confine. The court held that the former version of "R.C. 955.22 violates procedural due process insofar as it fails to provide dog owners a meaningful opportunity to be heard on the issue of whether a dog is 'vicious' or 'dangerous' as defined in R.C. 955.11(A)(1)(a) and (A)(4)(a)." *Cowan* at ¶ 13. Not requiring compliance with R.C. 955.222's notice and hearing requirements would do the same here.

{**¶12**} The state would like us to follow *State v. Crocker*, 5th Dist. Coshocton No. 2012-CA-0021, 2013-Ohio-3100, which it argues is indistinguishable from this case. In *Crocker*, a pit bull broke its leash, attacked and killed another dog, and bit two people. The dog was not previously designated a dangerous dog, but the court nonetheless found the owner in violation of R.C. 955.22(C) for harboring a dangerous dog. The Fifth District simply stated that there was

> no support for Appellant's position that a dog has to have previously violated the "dangerous dog" statute to be designated as a "dangerous dog." Here, the dog in question both injured a person and killed another dog. As such, the dog was a "dangerous dog" within the meaning of the statute and the offense was a fourth degree misdemeanor.

*Crocker* at ¶ 32.

{**¶13**} We disagree with the Fifth District. First, *Crocker* ignores the plain language of R.C. 955.11, which defines "dangerous dog" in the past-perfect tense, which means that the conduct that triggers the designation must precede the designation. While the dog in *Crocker* was certainly a dangerous dog within the meaning of R.C. 955.11 *after* the attack, it does not follow that the harborer of the dog was on notice of the dangerous propensities of the dog prior to the attack, and

5

therefore violated R.C. 955.22.  Moreover, *Crocker* completely ignores *Cowan* and R.C. 955.222.  Without a designation that the dog was dangerous, the owner was not put on notice of the necessary precautions to take to avoid prosecution under R.C. 955.22.  We decline to follow *Crocker*.

## Conclusion

{¶14}  We sustain Jones's sole assignment of error.  We reverse the judgment of the trial court and hereby discharge Jones from further prosecution.

*Judgment reversed and appellant discharged.*

**DETERS, J.,** concurs.
**MYERS, P.J.,** concurs in judgment only.

Please note:
The court has recorded its own entry on the date of the release of this opinion.