[Cite as *State v. Collier*, 2015-Ohio-3891.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140576 |
| | | TRIAL NO. 13CRB-31128 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TYSHOWN COLLIER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 25, 2015

*Paula Boggs Muething*, City Solicitor, *Heidi Rosales*, Interim City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Josh Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}  Following a jury trial, defendant-appellant Tyshown Collier was convicted of obstructing official business under R.C. 2921.31.  We find no merit in his four assignments of error, and we affirm his conviction.

### I.    Factual Background

{¶2}  The record shows that Detective Terry McGuffey of the Cincinnati Police Homicide Unit was investigating the murder of Shawn Guilford, who was killed on May 19, 2013, at approximately 9:20 p.m.  Cincinnati police officers recovered Guilford's cell phone at the scene, and McGuffey obtained a search warrant for Guilford's phone records.

{¶3}  After viewing the records for Guilford's phone, McGuffey saw that several calls were made to and from a certain number around the time of the murder.  After obtaining the phone records for that number, McGuffey discovered that it was used by Piante Wallace, who would become one of two suspects in the homicide.  McGuffey also obtained phone records for Javonte McCloud, who also became a suspect.

{¶4}  Wallace's and McCloud's phone records both contained a specific number.  McGuffey called that number and Collier answered.  Subsequently, McGuffey and his partner interviewed Collier about Wallace, who was still at large.  During that interview, Collier denied knowing Wallace.  McGuffey showed him photographs of the two suspects, as well as calls and text messages from Collier's phone to and from Wallace's phone.  McGuffey asked Collier to tell the truth, but he still denied knowing Wallace.  Eventually, Collier stated that he did not remember the calls and attributed his poor memory to being shot in the head.

{¶5}  Because of Collier's denials, McGuffey obtained a search warrant for his phone records.  Collier's phone records showed 101 phone calls of varying length between Collier and Wallace over a five-month period. A number of calls occurred in the hours before and after the time of the homicide.  Several calls occurred right before McGuffey interviewed Collier on October 10, 2013.

{¶6}  Collier was subsequently arrested.  Following a jury trial, he was found guilty of obstructing official business, and appropriately sentenced.  He has filed a timely appeal from his conviction.

## II.  Obstructing Official Business

{¶7}  In his first assignment of error, Collier contends that the evidence was insufficient to support his conviction.  He argues that the state failed to prove that there was a "substantial stoppage" of a public official's progress or that the purpose of his statements was to prevent, obstruct, or delay the public official's performance of any authorized act in his official capacity.  This assignment of error is not well taken.

{¶8}  R.C. 2921.31(A) provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."  A violation of this statute requires an affirmative act.  A person cannot be guilty of obstructing official business by doing nothing or failing to act.  *State v. Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 10 (1st Dist.). The proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform the official's lawful duties.  *Id.* at ¶ 12.

{¶9} The state must prove that the defendant's conduct in fact hampered or impeded the public official in the performance of the official's duties. This court has held that "there must be some substantial stoppage of the officer's progress before one can say he was hampered or impeded." *Id.* at ¶ 17, quoting *State v. Stephens*, 57 Ohio App.2d 229, 230, 387 N.E.2d 252 (1st Dist.1978). But we have declined to state what period of time constitutes a "substantial stoppage." If the record demonstrates that the defendant's act hampered or impeded the officer in the performance of his duties, the evidence supports the conviction. *Wellman* at ¶ 18; *State v. Stayton*, 126 Ohio App.3d 158, 163-164, 709 N.E.2d 1224 (1st Dist.1998).

{¶10} McGuffey stated that Collier's failure to tell the truth "made me wonder what his involvement may have been, and I kind of shifted my focus, then, on to him to try and find out why we would not tell us the truth about these two subjects." He had to order additional phone records to rebut Collier's claims that he did not know the prime suspect in the murder investigation. McGuffey further testified that phone records take a substantial amount of time to go through and understand. He also stated that he had to schedule a subsequent meeting with Collier to "clear up" what Collier had told him. Finally, McGuffey testified that it hampers or impedes his investigation when he has to investigate additional people in the course of the primary investigation.

{¶11} Thus, the record shows that Collier did not merely passively fail to assist in the investigation. He engaged in a course of conduct that misdirected the police investigation. *See State v. Lazzaro*, 76 Ohio St.3d 261, 265, 667 N.E.2d 384 (1996). Under the circumstances, the evidence was sufficient to allow the jury to conclude that there was a "substantial stoppage" of the detective's progress in

investigating the homicide. *See State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 39-40.

{¶12} Collier further argues that the state failed to prove that he acted with purpose to prevent, obstruct, or delay the detective's performance of his duties. A person acts purposely when "it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

{¶13} The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence. *Wellman*, 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, at ¶ 15. The Ohio Supreme Court has held that the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.31. *Lazzaro* at 276; *Jones* at ¶ 38

{¶14} In this case, Collier repeatedly lied to the police even though the detective told him that he knew that Collier had lied and he explained to Collier the effect of his lies on the homicide investigation. Thus, there was evidence from which the jury could have reasonably inferred that Collier acted with purpose to hinder or impede the investigation.

{¶15} The record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved beyond a reasonable doubt all of the elements of obstructing official business under R.C. 2921.31. Therefore, the evidence was sufficient to support the conviction, and we overrule Collier's first assignment of error. *See State v. Jenks*, 61

Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *Wellman* at ¶ 20.

{¶16}  In his second assignment of error, Collier contends that his conviction was against the manifest weight of the evidence.  Collier did not testify at trial.  He argued that his statements to the police that he did not know the victim and that he could not remember any phone calls due to being shot in the head were credible.  But matters as to credibility were for the jury to decide.  *See State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *State v. Bell*, 1st Dist. Hamilton No. C-140345, 2015-Ohio-1711, ¶ 59.

{¶17}  After reviewing the record, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Collier's conviction and order a new trial.  Therefore, the conviction was not against the manifest weight of the evidence.  *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Blair*, 1st Dist. Hamilton Nos. C-100150 and C-100151, 2010-Ohio-6310, ¶ 24.  We overrule Collier's second assignment of error.

### III.  *Prosecutorial Misconduct*

{¶18}  In his third assignment of error, Collier contends that he was denied a fair trial due to prosecutorial misconduct.  He argues that the prosecutor improperly elicited testimony about his refusal to take a polygraph examination and then improperly referred to that refusal in closing argument.  Collier also argues that the prosecutor improperly commented on his exercise of his right to counsel.  This assignment of error is not well taken.

{¶19}  Prosecutors are normally entitled to wide latitude in their remarks. *State v. Mason*, 82 Ohio St.3d 144, 162, 694 N.E.2d 932 (1998); *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 37.  The test for prosecutorial misconduct is (1) whether the remarks were improper, and (2) if so, whether the remarks affected the accused's substantial rights.  *State v. Lott*, 51 Ohio St.3d 160,

165, 555 N.E.2d 293 (1990); *Thomas* at ¶ 37. The conduct of the prosecuting attorney cannot be grounds for error unless it deprives the defendant of a fair trial. *State v. Keenan*, 66 Ohio St.3d 402, 405, 613 N.E.2d 203 (1993); *Thomas* at ¶ 37.

{¶20} The record shows that Collier failed to object to the comments he now claims were improper. Therefore, he has waived all but plain error. *See State v. Underwood*, 3 Ohio St.3d 12, 13, 444 N.E.2d 1332 (1983); *Thomas* at ¶ 38.

{¶21} The record shows that in the recording of Collier's interview with police, McGuffey asked him to take a polygraph test and Collier refused. This statement was admitted into evidence without objection. The prosecutor asked McGuffey about Collier's refusal to take a polygraph and highlighted that refusal during closing arguments.

{¶22} The results of a polygraph examination cannot be admitted unless strict criteria are met. *State v. Souel*, 53 Ohio St.2d 123, 372 N.E.2d 1318 (1978), syllabus. The refusal to undergo a polygraph test is also inadmissible. *State v. Gilliam*, 1st Dist. Hamilton No. C-110587, 2012-Ohio-5034, ¶ 13. The reason for these restrictions is that serious questions exist as to the reliability of polygraph tests. *See United States v. Scheffer*, 523 U.S. 303, 310-312, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); *State v. Caperton*, 1st Dist. Hamilton No. C-000666, 2001 Ohio App. LEXIS 5758, *6-7 (Dec. 21, 2001).

{¶23} Additionally, after discussing Collier's refusal to take a polygraph test, the prosecutor stated, "[t]hen he lawyers up." Courts strongly disapprove of using a defendant's exercise of his right to remain silent or to consult an attorney against the defendant. *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶ 91; *State v. Combs*, 62 Ohio St.3d 278, 280-281, 581 N.E.2d 1071 (1991). It is fundamentally unfair and a deprivation of due process to use a defendant's assertion

of his rights against him, because it is a penalty imposed for exercising a constitutional privilege. *Doyle v. Ohio*, 426 U.S. 610, 612-618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Griffin v. California*, 380 U.S. 609, 613-614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

{¶24} These comments by the prosecutor were patently improper, and we caution against using such tactics in the future. Nevertheless, given the otherwise overwhelming evidence against Collier, we cannot hold that but for the improper comments the result of the proceeding would have been otherwise. Therefore, any error does not rise to the level of plain error. *See State v. Wickline*, 50 Ohio St.3d 114, 119-120, 552 N.E.2d 913 (1990); *State v. Baldwin*, 1st Dist. Hamilton No. C-081237, 2009-Ohio-5348, ¶ 6. We overrule Collier's third assignment of error.

### IV. Ineffective Assistance of Counsel

{¶25} In his fourth assignment of error, Collier contends that he was denied the effective assistance of counsel. He argues that his counsel was ineffective for failing to object to numerous instances of prosecutorial misconduct and for failing to renew his pretrial motion in limine. This assignment of error is not well taken.

{¶26} Counsel's failure to object is not, by itself, sufficient to sustain a claim of ineffective assistance of counsel. *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 168; *Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, at ¶ 53. Further, the failure to renew the motion in limine would be prejudicial only if Collier had a reasonable probability of success on that motion. *See State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65; *State v. McCrary*, 1st Dist. Hamilton No. C-080860, 2009-Ohio-4390, ¶ 13. In his motion in limine, Collier asked the trial court to exclude evidence that the police were investigating a homicide. The trial court denied the motion before trial, finding that

evidence was relevant. We agree. Thus, Collier had little probability of success on that motion.

{¶27} The record shows that generally, Collier's counsel provided him with a diligent defense. We have concerns about counsel's failure to object to the references to Collier's refusal to take a polygraph test and to his assertion of his right to counsel. But given the evidence against Collier, we cannot say that he has demonstrated that but for counsel's errors, the result of the proceeding would have been otherwise. Therefore, he has failed to meet his burden to show ineffective assistance of counsel. *See Strickland. v. Washington*, 466 U.S. 668, 687-689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bell*, 1st Dist. Hamilton No. C-140345, 2015-Ohio-1711, at ¶ 53; *Thomas* at ¶ 50-52. We overrule Collier's fourth assignment of error and affirm the trial court's judgment.

Judgment affirmed.

.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry this date.

9