[Cite as *State v. Shoemaker*, 2015-Ohio-4645.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140724 |
| | | TRIAL NO. C-14CRB-26880 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| AUDREY SHOEMAKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 10, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Audrey Shoemaker appeals her conviction for one count of obstructing official business in violation of R.C. 2921.31(A), a second-degree misdemeanor, following a bench trial. She argues her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Finding neither argument meritorious, we affirm the trial court's judgment.

### Factual and Procedural Posture

{¶2} At the trial in this matter, City of Harrison police officer Robert Seiter testified that on September 8, 2014, he was working in uniform and a marked police cruiser. He had been dispatched to New Haven Road to investigate a hit-skip auto collision. After following up with the victim and completing his report, he drove to a Speedway gas station to watch surveillance video of the collision. Officer Seiter testified that the quality of the surveillance video was poor, but from the video he was able to discern that the other vehicle that had been involved in the collision was an older model Chevy Impala. He further saw that a black man had been driving the Impala, and that a white female with blond hair and a tattoo on her chest had been a passenger in the Impala at the time of the collision.

{¶3} After leaving the Speedway, Officer Seiter observed an older model Chevy Impala, matching the hit-skip vehicle in the video, parked in the 100 block of South Sycamore Street in Hamilton County, Ohio. A white female, later identified as Shoemaker, was standing at the rear of the Impala, which was unoccupied. Shoemaker was speaking to a group of people standing by another vehicle located behind her. Officer Seiter exited from his vehicle, approached the group, and asked if anyone knew to whom the Impala belonged. Shoemaker responded, volunteering that she did not know who owned the vehicle. Officer Seiter then asked Shoemaker

2

directly if she knew who owned the Impala. Again, she replied, "No." She further stated that she had no idea who had been driving the vehicle.

{¶4} Officer Seiter then noticed that Shoemaker, who was wearing a tank top, had a tattoo on her chest. He told Shoemaker that he was investigating a hit-skip auto collision. He had just watched surveillance video of the hit-skip collision and he thought she might be the female who had been in the car. He also told her that a black man had been driving the vehicle. Officer Seiter testified that Shoemaker replied, "Nope, wasn't me. I wasn't at Speedway with a male black. Was not me."

{¶5} Officer Seiter then asked Shoemaker where she lived. She turned, pointed up towards an apartment window, and replied, "Up there." When Officer Seiter asked Shoemaker if anyone else was in the apartment, Shoemaker replied, "Nope. No one else is up there." With that, Officer Seiter looked up at the apartment window. He saw a black man with the curtains open looking at him.

{¶6} At that point, Officer Seiter stopped questioning Shoemaker. He read her the *Miranda* warnings. Shoemaker told Officer Seiter that she understood them. Officer Seiter then said, "I know you're lying to me. I just watched a surveillance tape. I believe the female is you with that male black in this car." At that point, Shoemaker began to cry and said, "I'm sorry for lying. I was in the front passenger seat. My boyfriend, Kevin Barnett, was driving the vehicle. He's upstairs. And the owner of the vehicle was sitting in the backseat."

{¶7} Shoemaker then took Officer Seiter up to her apartment where he made contact with the driver of the hit-skip vehicle and issued him some citations. He also cited Shoemaker for obstructing official business. Officer Seiter testified that Shoemaker's false statements had led him away from the actual driver and

Shoemaker's own involvement in the hit-skip offense. He testified, "I probably talked to her for a few minutes prior to her breaking down after being read her *Miranda* warnings, and okay, yeah, the gig's up; I'm lying because I have 17 months on the shelf in Indiana." Officer Seiter testified that Shoemaker had caused him to be delayed in the performance of his duties by five minutes.

{¶8} Following Officer Seiter's testimony, the state rested. Shoemaker then moved for an acquittal under Crim.R. 29, which the trial court denied. Shoemaker did not testify. Following argument by counsel, the trial court found Shoemaker guilty. It sentenced Shoemaker to 30 days in jail, suspended the 30 days, and placed her on six months of community control with the condition that she perform 25 hours of community service. The trial court ordered Shoemaker to pay a $100 fine and court costs.

### *Sufficiency and Weight: Obstruction of Official Business*

{¶9} In a single assignment of error, Shoemaker argues her conviction was based on insufficient evidence and was against the manifest weight of the evidence.

{¶10} To reverse a conviction for insufficient evidence, the reviewing court must be persuaded, after viewing all the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Waddy*, 63 Ohio St.3d 424, 430, 588 N.E.2d 819 (1992).

{¶11} To reverse a trial court's decision on the manifest weight of the evidence, the reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶12} R.C. 2921.31(A)(1) defines obstructing official business as follows:

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶13} The Ohio Supreme Court has held that "the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of * * * R.C. 2921.31(A)." *State v. Lazzaro*, 76 Ohio St.3d 261, 667 N.E.2d 384 (1996), syllabus. Shoemaker argues that the state failed to prove that her false statements hampered or impeded Officer Seiter's investigation of the hit-skip collision, because she negated the effects of her false statements by eventually telling Officer Shoemaker the truth and taking him up to her apartment where he was able to cite the driver of the vehicle for the hit-skip collision.

{¶14} As the state points out, "there is no element in R.C. 2921.31(A) requiring the state to prove that the offender's conduct actually prevented a public official from doing his job. Rather, the statute is satisfied by 'any act which hampers or impedes a public official in the performance of his lawful duties.' " *State v. Stayton*, 126 Ohio App.3d 158, 164, 709 N.E.2d 1224 (1st Dist.1998). Thus, "it is of no moment that the act did not effectively restrain the officer from ultimately performing his duty, it being sufficient that the appellant's action did obstruct or delay the officer in the performance of his duty." *State v. Dunn*, 1st Dist. Hamilton No. C-790319, 1980 Ohio App. LEXIS 11877, *4-5 (March 26, 1980). Therefore, the state did not need to show that Shoemaker actually prevented Officer Seiter from performing his duty to investigate the

5

hit-skip collision, just that she had acted with the purpose to hamper or impede his performance of that duty.

{¶15} Here, Officer Seiter testified that Shoemaker's repeated lies in answer to his questions had hampered his investigation of the hit-skip collision by five minutes. Although this court has held that " 'there must be some substantial stoppage of the officer's progress before one can be hampered or impeded, we have declined to state what period of time constitutes a 'substantial stoppage.' " *See State v. Collier*, 1st Dist. Hamilton No. C-140576, 2015-Ohio-3891, ¶ 9, quoting *State v. Wellman,* 173 Ohio App.3d 494, 2007-Ohio-2953, 879 N.E.2d 215, ¶ 17 (1st Dist.), and *State v. Stephens*, 57 Ohio App.2d 229, 230, 387 N.E.2d 252 (1st Dist.1978). Thus, we have held that as along as "the record demonstrates that the defendant's act hampered or impeded the officer's performance of his duties, the evidence supports the conviction." *Id.*

{¶16} In *State v. Collier*, this court concluded that the defendant's failure to tell the investigating officer that he knew the prime suspect in a murder investigation had hampered the murder investigation by causing the investigating officer to order additional phone records, to investigate additional people who may have been involved in the crime, and to schedule an additional meeting with the defendant to "clear up" what he had told the investigating officer. Thus, we held that the state had produced sufficient evidence to show that the defendant had caused a "substantial stoppage" of the detective's progress in investigating the homicide. *Collier* at ¶ 11.

{¶17} Similarly, in *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 39-40, this court held that although a police officer investigating an offense had been suspicious that the defendant had been lying to him, the state had presented sufficient evidence that the defendant's false oral statements to police officer had hampered and impeded the officer's investigation where the

defendant's false statements had caused the officer to send a police unit to the restaurant to verify or contradict the defendant's initial statement before charging him, and possibly a codefendant, with the offense of endangering children.

{¶18} In *State v. Wellman*, we held that the actions of a minority owner of a club were sufficient to show that the club owner had hampered or impeded two Ohio Department of Public Safety agents from investigating liquor-permit violations at the club, where the minority owner, for approximately two to five minutes, had delayed the officers from talking with the appropriate person regarding the violations, from gathering physical evidence, and from gaining control of the situation. We concluded the state had produced sufficient evidence to support the minority club owner's conviction for obstructing official business. *Wellman* at ¶ 19.

{¶19} Here, Officer Seiter testified that he was investigating a hit-skip collision when he came upon a vehicle matching the description of the vehicle involved in the offense. Once he got out of his vehicle, Shoemaker voluntarily began speaking with him. She told him several times that she had no knowledge of the vehicle's owner and that she had not been involved in the collision. Shoemaker's actions kept Officer Seiter from talking to the appropriate person for the issuance of the citation. While Shoemaker eventually cooperated with Officer Seiter, telling him the truth about her involvement, and leading him to the vehicle's driver, she only did so after Officer Seiter had read her *Miranda* rights to her. Thus, contrary to Shoemaker's argument, the state presented sufficient evidence to support her conviction for obstructing official business.

{¶20} Moreover, given our review of the record, we cannot conclude that Officer Seiter's testimony was so unreliable or unworthy of belief that the trial court lost its way and created a manifest miscarriage of justice in finding Shoemaker guilty. *See*

*Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. We, therefore, overrule Shoemaker's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**DEWINE** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry this date.