[Cite as *State v. Pack*, 2023-Ohio-1522.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-10-059 |
| | : | O P I N I O N |
| - vs - | | 5/8/2023 |
| | : | |
| RICKY L. PACK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2022 CRB 2545 A

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**M. POWELL, J.**

{¶ 1} Appellant, Ricky Pack, appeals his conviction in the Clermont County Municipal Court for obstructing official business.

{¶ 2} On August 18, 2022, Clermont County Deputy Sheriff Detective Christopher Shouse was investigating recent motorcycle thefts. As Shouse drove past 3188 Goodwin

Schoolhouse Road, he observed appellant sitting in the driveway with his girlfriend, Amanda Shuemake. Appellant was known to Shouse based upon previous contact between the two and was a suspect in the motorcycle thefts Shouse was investigating. Shouse also knew that there were active warrants for appellant's arrest. Shouse continued past the residence to allow time to call for back-up.

{¶ 3} Shouse returned to the residence about a half-hour later with three deputies. Shouse parked 15-20 feet away from appellant, exited his vehicle, came to the front of the vehicle, drew his sidearm, and said, "Ricky, sheriff's office. * * * You're under arrest." Shouse's badge was displayed visibly on his belt. Appellant replied, "Ricky who?" and fled on foot.

{¶ 4} Appellant ran around a minivan parked in the driveway, threw a garbage can down behind him and ran down the driveway toward the road. Three deputies stood in front of him. Deputy Hanson drew his taser and commanded appellant to stop. Pack did not obey the command and jumped a guardrail on the side of the road. When appellant hit the ground, he slipped. Appellant remained on the ground and the deputies took him into custody.

{¶ 5} Appellant was charged in municipal court with a single count of obstruction of official business in violation of R.C. 2921.31, a second-degree misdemeanor, and resisting arrest. Appellant pled not guilty and the matter proceeded to a bench trial. At trial, the state presented the testimony of Shouse and Hanson. Appellant testified in his own defense. Appellant asserted that he fled after Shouse had exited his vehicle and drew his sidearm because he did not realize Shouse was a police officer. Explaining, appellant testified that Shouse was in plain clothes and he did not otherwise recognize him, his view of Shouse's badge was obstructed by Shouse's vehicle's door, and he did not hear Shouse announce that he was from the Sheriff's office. Appellant denied that he threw the trash can down to

impede Shouse in chasing him, but rather claimed that he had inadvertently knocked it over as he fled. Appellant also denied that he jumped the guardrail on the side of the road to elude capture by the deputies and instead claimed that he simply could not stop in time to avoid running into the guardrail.

{¶ 6} The municipal court found appellant guilty as charged of obstructing official business and acquitted him of resisting arrest. The municipal court sentenced appellant to 90 days in jail with credit for 29 days served.

{¶ 7} Appellant appeals his conviction, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE EVIDENCE, VIEWED IN A LIGHT MOST FAVORABLE TO THE STATE, WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS.

{¶ 10} Appellant argues in his first assignment of error that the evidence presented at trial was insufficient for a reasonable person to conclude that Appellant's behavior created a "substantial stoppage" which "hampered" or "impeded" law enforcement's effort to arrest him, and thus there was insufficient evidence to sustain a conviction for obstructing official business.

{¶ 11} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Billingsley*, 12th Dist. Butler Nos. CA2019-05-075 and CA2019-05-076, 2020-Ohio-2673, ¶ 14. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 12} Appellant was convicted of obstructing official business in violation of R.C. 2921.31(A), which provides "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." As this court has stated previously, "the proper focus in a prosecution for obstructing official business is on the defendant's conduct, verbal or physical, and its effect on the public official's ability to perform his or her lawful duties." *State v. Ertel*, 12th Dist. Warren No. CA2015-12-109, 2016-Ohio-2682, ¶ 8, citing *State v. Bailey*, 12th Dist. Fayette No. CA2007-04-013, 2008-Ohio-3075, ¶ 28. In turn, to be convicted for obstructing official business, there must be evidence presented indicating the defendant actually interfered with the performance of an official duty, thereby making the performance of that duty more difficult. *State v. Standifer*, 12th Dist. Warren No. CA2011-07-071, 2012-Ohio-3132, ¶ 28, citing *State v. Whitt*, 12th Dist. Butler No. CA89-06-091, 1990 Ohio App. LEXIS 2479, 1990 WL 82592, *2 (June 18, 1990). The state, however, is not required to prove the defendant's conduct successfully prevented a public official from doing his or her job. *Id.*

{¶ 13} In arguing the evidence was insufficient to support his conviction, appellant relies primarily upon the First District's opinion in *State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372 (1st Dist.). The defendant in *Grice* was convicted of obstructing official business for failing to identify himself to police officers investigating a "shots fired" report. In reversing the conviction, the court of appeals held that

> [A] violation of this statute requires an affirmative act. "A person cannot be guilty of obstructing official business by doing nothing or failing to act." The mere refusal to produce identification upon

the request of a police officer cannot support a conviction for obstructing official business. In addition, the defendant's act must actually hamper or impede the public official in the performance of the official's duties.

\* \* \*

This court has held that there is no element in R.C. 2921.31(A) requiring the state to prove that the offender's conduct "prevented" a public official from doing his job. Rather, to "hamper" or "impede," the conduct at issue must create some "substantial stoppage" of the officer's progress. This stoppage is not defined by a particular period of time, but it must occur because of the defendant's act.

*Grice* at ¶ 9 & 12. Appellant contends that though his act of fleeing may be an "affirmative act" that was done with an intent to "hamper or impede," it did not result in a "substantial stoppage" of Shouse's efforts to arrest him. Appellant argues that this is apparent because Shouse did not chase him in earnest, since appellant was fleeing right into the arms of the three deputies positioned at the end of the driveway. Appellant thus asserts that his behavior resulted in, at most, minor delay, annoyance, and some inconvenience to the deputies.

{¶ 14} In *State v. Ertel*, this Court rejected application of the "substantial stoppage" standard recognized in *Grice*.

[W]hile we find some courts have used the "substantial stoppage" language when reviewing a conviction for obstructing official business, *see State v. Grice*, 180 Ohio App.3d 700, 2009-Ohio-372, ¶ 12 (1st Dist.); *State v. Ellis*, 2d Dist. Montgomery No. 24003, 2011-Ohio-2967, ¶ 59, our research has failed to uncover any such case emanating from this court. It is well-established that we are generally only bound by the decisions of the Ohio Supreme Court and by past precedent produced by our own district, not those decisions from our brethren within the other eleven appellate districts.

*Ertel*, ¶ 9.

{¶ 15} As opposed to requiring a "substantial stoppage," we held that conviction of obstructing official business requires proof that the defendant "hampered or impeded the

public official's ability to perform his or her lawful duties." *Id.*, at ¶ 10. There is no finite, definitive, or particular period of time that must elapse for a public official's lawful duties to have been hampered or impeded. *Id.* This Court has previously found that "[a] suspect who flees even after committing a minor nonarrestable offense can be convicted of obstructing official business." *State v. Botos*, 12th Dist. Butler No. CA2004-06-145, 2005-Ohio-3504, ¶ 16.

{¶ 16} We find that appellant's actions in fleeing from Shouse and eluding the other three deputies by jumping the guardrail, however brief and futile, constitute sufficient evidence to support his conviction.

{¶ 17} Accordingly, appellant's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED IN ENTERING A VERDICT OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 20} In his second assignment of error, appellant argues that his conviction was against the manifest weight of the evidence for the same reason he advances in his first assignment of error. Appellant also asserts that his conviction was against the manifest weight of the evidence based upon his testimony that he did not know Shouse was a police officer and that he ran because he was afraid after Shouse displayed his sidearm. He further argues that there are innocent explanations for why he threw a trash can down and jumped the guardrail on the side of the road as he fled.

{¶ 21} A manifest weight of the evidence challenge "concerns the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the

reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶ 22} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must look at the entire record to weigh the evidence and all reasonable inferences, as well as consider the credibility of the witnesses. *Barnett* at ¶ 14. In reviewing the record, we must ask if the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered." *State v. Cephas*, 12th Dist. Buter No. CA2021-05-051, 2021-Ohio-4356, ¶ 9. While our review requires us to consider the credibility of witnesses and weight given to the evidence, "these issues are primarily matters for the trier of fact to decide." *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81. Accordingly, an appellate court will overturn a conviction due to the manifest weight of the evidence "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Roberson*, 12th Dist. Warren No. CA2021-01-003, 2021-Ohio-3705, ¶ 29.

{¶ 23} Clearly, the municipal court did not find Pack's claims credible, and instead placed greater weight on the testimony of Shouse and Hanson. Shouse testified that he identified himself as a police officer, announced that appellant was under arrest, and that other sheriff's personnel were behind him in marked cars and in uniform. Hanson testified that he drew his taser and commanded appellant to stop, but appellant continued to run, jumped over the guardrail, and fell onto his stomach, after which two other deputies made it over the guardrail and cuffed him.

{¶ 24} For the same reasons set forth in the discussion of the first assignment of error and in consideration of the testimony at trial, we find that appellant's flight from Shouse and the three deputies "hampered or impeded" his arrest and his conviction is not against the manifest weight of the evidence.

{¶ 25} Appellant's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.