[Cite as *In re L.K.H-R.*, 2026-Ohio-1906.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2025-12-118 |
| L.K.H-R. | : | OPINION AND JUDGMENT ENTRY 5/26/2026 |
| | : | |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 25-N000211

Andrew J. Brenner, for appellant.

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

## O P I N I O N

**HENDRICKSON, J.**

{¶ 1}  Appellant, L.K.H-R., appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for committing the

offense of obstructing official business, a felony of the fifth degree. For the reasons outlined below we affirm the juvenile court's decision.[1]

{¶ 2} On May 19, 2025, a law enforcement officer filed a complaint alleging that appellant, then 16 years old, was a delinquent child for obstructing official business in violation of R.C. 2921.31(A). The allegations of the complaint stemmed from events that occurred on May 17, 2025, when it was reported that appellant had run away from a local group home and subsequently fled from police on foot after he was approached by officers. Appellant ultimately surrendered himself and was taken into police custody.[2] Appellant denied the charge and the matter proceeded to trial before the magistrate on August 26, 2025.

{¶ 3} At trial, the magistrate heard testimony from two of the responding officers, Officer Matthew Kellum and Officer Gregory Gattermeyer. The court also viewed video footage from the night of the incident, including body camera footage from Officer Gattermeyer and cruiser camera footage from both officers. The testimony and video evidence revealed that at approximately 9 p.m. on May 17, 2025, several officers with the Monroe Police Department responded to a call from Restoration Ranch that a juvenile had run or walked away from the facility. Restoration Ranch is a group home for male youth who have been recently released from either the Department of Youth Services or detention or have been placed at the facility by an agency. Restoration Ranch is located on Union Road in Warren County, just north of the intersection of State Route 63 and Union Road. Restoration Ranch is a locked facility with limited ability to enter or exit. Juvenile residents, like appellant, are not permitted to leave the facility without permission

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *In re M.D.D.*, 2010-Ohio-326, ¶ 1, fn. 1 (12th Dist.).

2. Arising from the same events, appellant was charged in a second complaint with resisting arrest in violation of R.C. 2921.33(A). The State dismissed the resisting arrest charge prior to trial.

from the staff. Relevant here, the intersection of State Route 63 and Union Road is diagonally adjacent to a railway track, the speed limit on State Route 63 is 50 miles per hour, and there are no sidewalks for pedestrian traffic.

{¶ 4} In response to Restoration Ranch's call, Officer Kellum drove eastbound on State Route 63 toward the facility. While en route, the officer observed an individual matching the description of the missing juvenile, who was later identified as appellant. After observing appellant, Officer Kellum initiated a U-turn at the intersection of State Route 63 and Union Road and activated his overhead lights. At that time, appellant was walking westbound on State Route 63 on the north side and crossed five lanes of traffic to the south side of State Route 63. When the cruiser's overhead lights were turned on, appellant ran through oncoming traffic going both directions.

{¶ 5} When appellant began to flee, Officer Kellum activated his cruiser's horn and ordered, several times through the window, for appellant to stop. Appellant did not comply with the officer's commands and instead ran into the parking lot of Thornton's gas station. Despite the officer's pursuit, appellant ran toward the back of the gas station near the semitrucks. At that point, Officer Kellum alerted the other responding officers of appellant's location and proceeded to set up a perimeter between the gas station and a nearby industrial park.

{¶ 6} After speeding toward the scene, Officer Gregory Gattermeyer arrived at the gas station and recognized appellant as the missing juvenile. Officer Gattermeyer activated his lights and ordered appellant to get on the ground. Appellant complied with the officer's commands and was apprehended at that time.

{¶ 7} After considering the evidence presented at trial, the magistrate issued a written decision finding the State had proven beyond a reasonable doubt the essential elements of the offense of obstructing official business and that appellant should be

adjudicated delinquent for that offense. Appellant filed objections and supplemental objections to the magistrate's decision. On November 3, 2025, the juvenile court overruled appellant's objections and adopted the magistrate's decision in its entirety.

{¶ 8} Appellant now appeals, raising two assignments of error for this court's review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 11} Appellant argues that the juvenile court's decision adjudicating him a delinquent child for obstructing official business is against the manifest weight of the evidence. In so arguing, appellant claims the evidence presented at trial established that (1) he did not substantially delay or interfere with Officer Kellum's duties; (2) he was unsuccessful in evading apprehension; and (3) he was privileged to act as he did when he did not stop at Officer Kellum's request.

{¶ 12} The standards of review applied in determining whether a juvenile's delinquency adjudication is against the manifest weight of the evidence are the same standard as applied in adult criminal cases. *In re Washington*, 1998-Ohio-627, ¶ 7-8; *State v. C.J.*, 2018-Ohio-1258, ¶ 35 (12th Dist.). In considering whether a conviction is against the manifest weight of the evidence, "a reviewing court must examine the entire record, weigh all of the evidence and reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *C.J.* at ¶ 36. In reviewing a manifest weight challenge, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given the evidence. *In re I.L.J.F.*,

- 4 -

2015-Ohio-2823, ¶ 27 (12th Dist.). Thus, an appellate court will overturn a conviction due to the manifest weight of the evidence only in the exceptional case when the evidence presented at trial weighs heavily against the conviction. *In re N.J.M.,* 2010-Ohio-5526, ¶ 35 (12th Dist.).

{¶ 13} The juvenile court adjudicated appellant a delinquent child for obstructing official business in violation of R.C. 2921.31(A). That statute prohibits any person, without privilege to do so, and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, from doing "any act that hampers or impedes a public official in the performance of the public official's lawful duties." "R.C. 2921.31(A) thus includes five essential elements: (1) an act by the defendant, (2) done with the purpose to prevent, obstruct, or delay a public official, (3) that actually hampers or impedes a public official, (4) while the official is acting in the performance of a lawful duty, and (5) the defendant so acts without privilege." *State v. Brown,* 2025-Ohio-1391, ¶ 17 (2d Dist.).

{¶ 14} Upon thoroughly reviewing the record, we find there is ample credible evidence within the record that appellant, without privilege to do so, purposefully hampered Officer Kellum's lawful duties and made the performance of those duties more difficult. First, the evidence showed that Officer Kellum was performing his lawful duties when he attempted to detain appellant. Officer Kellum testified that he was dispatched to Restoration Ranch for the purpose of locating the missing juvenile, i.e. appellant, apprehending appellant, and returning him to Restoration Ranch. After observing appellant walking along State Route 63, Officer Kellum, in accordance with his assignment, attempted to stop and apprehend appellant. Thereafter, appellant hampered Officer Kellum by running in the opposite direction. It is apparent that appellant was aware of Officer Kellum's intention to stop him as he immediately crossed several lanes of

moderate to heavy traffic after seeing Officer Kellum in his marked police cruiser. Appellant continued to flee from the officer while ignoring the officer's repeated commands to stop, as well as the activation of the police cruiser's lights and horn. Officer Kellum followed appellant into oncoming traffic but could not secure appellant. Ultimately, Officer Kellum retreated to set up a perimeter of the area before other responding officers apprehended appellant.

{¶ 15} In arguing the weight of the evidence does not support his adjudication, appellant contends his conduct described above constitutes a "minor delay, annoyance, irritation, or inconvenience," and therefore, does not support a violation of R.C. 2921.31(A). We find appellant's argument unpersuasive. It is well settled that there is no finite, definitive, or particular period of time that must elapse for a public official's lawful duties to have been hampered or impeded. *State v. Pack*, 2023-Ohio-1522, ¶ 15 (12th Dist.). Minutes or even seconds may suffice to support a violation of R.C. 2921.31(A). *See State v. Hawkins*, 2024-Ohio-4516, ¶ 14 (6th Dist.); *State v. Kehres*, 2020-Ohio-1320, ¶ 22 (11th Dist.); *Brown*, 2025-Ohio-1391, at ¶ 25 (2d Dist.). In this case, the encounter between appellant and law enforcement lasted approximately two minutes.[3] Notwithstanding this short period of time, appellant's actions in fleeing from Officer Kellum and obstructing the officer's ability to apprehend appellant by crossing five lanes of traffic, however brief and futile, were sufficient to constitute the obstruction of official business. *See Pack* at ¶ 16, 24.

{¶ 16} We likewise reject appellant's argument that he did not sufficiently interfere with Officer Kellum's duties because he was apprehended shortly after he fled across State Route 63. Notably, the State is not required to prove that the defendant successfully

---

3. According to the footage from Officer Kellum's dash camera, approximately two minutes elapsed between the time Officer Kellum activated his overhead lights and the time officers apprehended appellant.

prevented an officer from performing their official duties. *State v. Standifer*, 2012-Ohio-3132, ¶ 28 (12th Dist.). Instead, a conviction for obstructing official business requires evidence indicating the defendant actually interfered with the performance of an official duty, thereby making the performance of that duty more difficult. *Id.*, citing *State v. Whitt*, 1990 Ohio App. LEXIS 2479, *2 (12th Dist. June 18, 1990). Officer Kellum testified that, not only was he instructed to apprehend and return appellant to Restoration Ranch, but he is generally required to protect the public from individuals, like appellant, who are engaged in risky conduct. By its express terms, R.C. 2921.31(A) prohibits conduct performed with the purpose to "delay" the officer's performance of an official duty, which clearly occurred in this case when appellant fled from Officer Kellum across multiple lanes of traffic. As such, it is immaterial that appellant was ultimately apprehended a short time after evading Officer Kellum. *Standifer* at ¶ 28.

{¶ 17} Lastly, appellant cannot invoke the legal concept of privilege to escape his adjudication. "'Privilege' in the context of R.C. 2921.31 refers to a positive grant of authority entitling one to deliberately obstruct or interfere with a police officer performing his lawful duty." *State v. Santiago*, 2016-Ohio-547, ¶ 17 (12th Dist.). Appellant argues that, because he was not under criminal investigation or the subject of a *Terry* stop, he was privileged not to adhere to the officer's request. Appellant further argues the mere failure to obey a law enforcement officer's request does not constitute obstructing official business.

{¶ 18} While this court acknowledges that a mere refusal to respond to an officer's request cannot constitute obstructing official business, appellant did not merely refuse to cooperate. Instead, he engaged in the affirmative act of disobeying the officer's order to stop and fled from the officer to prevent the officer from detaining him. Furthermore, the plain language of R.C. 2921.31 does not require that an individual engage in a criminal

act or be the subject of a criminal investigation to be found guilty of obstructing official business. *See e.g. Brown*, 2025-Ohio-1391, at ¶ 30 (2d Dist.) (affirming the appellant's conviction for obstructing official business where he ignored officers' orders while recording police activity in the street). As this court has previously recognized, "[a] suspect who flees even after committing a minor nonarrestable offense can be convicted of obstructing official business." *State v. Botos*, 2005-Ohio-3504, ¶ 16 (12th Dist.). In this case, although he was not the subject of a *Terry* stop, appellant was not entitled to deliberately obstruct law enforcement officers from lawfully detaining him following his escape from Restoration Ranch, a secure facility for juveniles. Accordingly, his acts were not privileged.

{¶ 19} Based upon the foregoing, we find that the greater weight of the evidence supports that appellant obstructed official business and therefore, his adjudication as a delinquent child is not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED IN FINDING THAT A SIGNIFICANT POSSIBILITY OF PHYSICAL HARM EXISTED PURSUANT TO A CONVICTION FOR FELONY OBSTRUCTION OF OFFICIAL BUSINESS.

{¶ 22} In his second assignment of error, appellant contends the State failed to prove that he created a risk of physical harm to any person, which was required for the State to elevate his offense to a fifth-degree felony pursuant to R.C. 2921.31(B).

{¶ 23} The relevant inquiry in reviewing a claim of insufficient evidence is "whether 'after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *In re M.J.C.*, 2015-Ohio-820, ¶ 27 (12th Dist.), quoting *State v. McKnight*, 2005-

Ohio-6046, ¶ 70.

{¶ 24} A violation of R.C. 2921.31(A) is generally charged as a second-degree misdemeanor in accordance with R.C. 2921.31(B). However, R.C. 2921.31(B) also provides that, if a violation of R.C. 2921.31(A) "creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."

{¶ 25} The term "risk" means "a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(7). The term "physical harm to persons" means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "Therefore, the statute is satisfied when a defendant increases the risk of physical harm to any person, including himself." *State v. Palma*, 2025-Ohio-1318, ¶ 14 (12th Dist.), citing *State v. Pineda*, 2021-Ohio-1540, ¶ 110 (11th Dist.).

{¶ 26} The testimony and video evidence produced at trial identified conduct by appellant that, if believed, was sufficient to establish that he created a risk of physical harm to himself. At the time of the incident, it was nearly nightfall, approximately 9 p.m., and there was moderate to heavy traffic on the roadway. When appellant crossed the street, outside of any pedestrian crosswalk, several vehicles applied their brakes in a rapid pace to slow and avoid hitting appellant. The video evidence produced at trial shows that several vehicles were present on State Route 63 at the time of appellant's crossing, that it was difficult to see appellant given the time of day and his clothing, and that appellant did not hesitate to cross the street upon noticing Officer Kellum. While appellant argues some of the vehicles slowed and stopped in response to Officer Kellum's lights, this does not negate that appellant created a physical risk of harm to himself when he ran into oncoming traffic at nightfall.

{¶ 27} The testimony further established that appellant's actions created a risk of

physical harm to others. Officer Kellum testified that, in response to appellant's actions, he executed a U-turn and drove into oncoming traffic in an attempt to apprehend appellant. Officer Kellum utilized the lights and sounds of his vehicle to not only stop appellant, but to also stop traffic so he would not get hit while "facing the wrong way." As noted above, the video footage produced at trial reveals that several vehicles were on the roadway at the time Officer Kellum entered the opposite lane of traffic, and that many had to apply their brakes to avoid hitting the officer. Based upon this evidence, it is reasonable to conclude that appellant's conduct created a risk of physical harm to Officer Kellum, as well as the other motorists on the road, who could have been injured in any resulting accident.

{¶ 28} On appeal, appellant argues that R.C. 2921.31(B) does not apply in this case because he did not create a "significant possibility" of harm to others and no harm was actually suffered. We disagree. As an initial note, a plain reading of the statute establishes that R.C. 2921.31(B) applies when a defendant "*creates a risk* of physical harm" to any person, including himself, not when physical harm actually occurs. (Emphasis added.) R.C. 2921.31(B); *Palma*, 2025-Ohio-1318, at ¶ 14 (12th Dist.). As such, the State was not required to prove that any physical harm actually occurred as a result of appellant's conduct. Instead, it was required to establish that, in obstructing official business, appellant created a significant possibility of physical harm to himself or others. In this case, the conduct described above undoubtedly created sufficient risk of physical harm to appellant, Officer Kellum, and the other motorists in the vicinity. This is especially true when considering the time of day, the speed limit of State Route 63, the number of vehicles on the road at that time, and the number of lanes appellant crossed to avoid Officer Kellum.

{¶ 29} Accordingly, we find the State presented sufficient evidence that, if believed,

established that appellant created a risk of physical harm to either himself or others when he fled from Officer Kellum and hampered the officer's ability to apprehend and return appellant to Restoration Ranch. Appellant's second assignment of error is, therefore, overruled.

**{¶ 30}** Judgment affirmed.

BYRNE, P.J., and SIEBERT, J., concur.

## **J U D G M E N T   E N T R Y**

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Melena S. Siebert, Judge*